# MCLAUGHLIN & STERN, LLP
### FOUNDED 1898

| | | |
|---|---|---|
| **CHESTER R. OSTROWSKI**<br>Associate<br>costrowski@mclaughlinstern.com<br>Direct Dial: (212) 455-0454 | 260 MADISON AVENUE<br>NEW YORK, NEW YORK 10016<br>(212) 448–1100<br>FAX (212) 448–0066<br><br>www.mclaughlinstern.com | **MILLBROOK, NY**<br>**GREAT NECK, NY**<br>**WEST PALM BEACH, FL**<br>**FT. LAUDERDALE, FL**<br>**NAPLES, FL** |

November 23, 2015

<u>**VIA E-FILING (CM/ECF)**</u>
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
Courtroom 6F
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re:**  <u>**Pre-Motion Conference Request**</u>
     *Daphney Scott v. E. Hope Greenberg, et al.*,
     Case No. 1:15-cv-05527-MKB-RER

Dear Judge Brodie:

  We represent defendant Capitol Discount Corporation ("<u>Capitol Discount</u>") in the above-referenced action. In accordance with Your Honor's Individual Practices and Rules, we respectfully request a pre-motion conference regarding Capitol Discount's anticipated motion to dismiss the Amended Complaint [Doc. 4] filed by plaintiff Daphney Scott ("<u>Plaintiff</u>") pursuant to FED. R. CIV. P. 12(b)(6) (the "<u>Motion</u>"). The basis for the Motion is set forth below.

<u>**Background**</u>

  This action relates to Plaintiff's purchase of certain home furniture (the "<u>Furniture</u>") from defendant Mylah Furniture Inc. a/k/a Maylah Furniture ("<u>Maylah</u>") pursuant to a Retail Installment Contract dated September 25, 2012 (the "<u>Contract</u>"). In sum and substance, Plaintiff alleges that Maylah is subject to liability under N.Y. GEN. BUS. LAW § 349 ("<u>Section 349</u>") and N.Y. PERS. PROP. LAW § 402 ("<u>Section 402</u>") because Maylah purportedly induced Plaintiff to sign a blank version of the Contract "by misrepresenting to [Plaintiff] that it was not a contract but a finance application." *See* Doc. 4 ¶¶ 97-106. With respect to Capitol Discount, Plaintiff alleges liability under Section 349 and Section 402 based on, among other things, Capitol Discount's allegedly false representations to Plaintiff regarding a prior collection lawsuit and its alleged attempt to collect legal fees in connection with the prior collection lawsuit. *See id.* ¶¶ 84-96. Plaintiff further alleges that, as the current holder of the Contract, Capitol Discount is vicariously liable to Plaintiff for Maylah's alleged violations of Section 349 and Section 402. *See id.* Finally, with respect to defendant E. Hope Greenberg ("<u>Greenberg</u>"), Plaintiff alleges violations of the federal Fair Debt Collection Practices Act, Section 349, and N.Y. JUDICIARY LAW § 487. *See id.* ¶¶ 69-83.

For the reasons set forth below, however, Plaintiff fails to state a claim upon which relief can be granted against Capitol Discount. Indeed, both purported causes of action against Capitol Discount are inadequately pled under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and are otherwise subject to dismissal under well-settled principles of New York law. Because Plaintiff's claims against Maylah are also legally deficient, there can be no vicarious liability against Capitol Discount either.

**Legal Argument**

    A.    **Plaintiff Fails to State a Claim Under Section 349**

In her Amended Complaint, Plaintiff alleges that all defendants have engaged in unfair and deceptive acts prohibited by Section 349. *See* Doc. 4 ¶¶ 71-77, 84-91, 97-102. However, since Plaintiff fails to allege facts even suggesting that the conduct of any defendant potentially affects or affected consumers at large, her purported Section 349 claims are inadequately pled and should be dismissed in their entirety.

In relevant part, Section 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service . . . are hereby declared unlawful." N.Y. GEN. BUS. LAW § 349. Thus, to maintain a cause of action under Section 349, a plaintiff must plead and prove the following: (1) that the defendant's conduct was "consumer-oriented"; (2) that the defendant has engaged, or continues to engage, in a deceptive act or practice; and (3) that the plaintiff was injured by the defendant's practice. *See, e.g.*, *Wilson v. Northwestern Mutual Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010).

More specifically, to satisfy the first element of a Section 349 claim, the plaintiff must "at the threshold, charge conduct that is consumer-oriented," meaning that the conduct has a "broad impact on consumers at large." *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320, 662 N.E.2d 763, 770 (1995) (citations omitted). Stated differently, "the gravamen of the complaint must be consumer injury or harm to the public interest." *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F.Supp.3d 526, 535 (E.D.N.Y. 2015) (Bianco, J.) (quotations and citations omitted). As a result, both state and federal courts in New York have repeatedly held that "private" disputes between parties do not give rise to claims under Section 349. *See New York Univ.*, 87 N.Y.2d at 321 (rejecting Section 349 claim where dispute was "essentially a 'private' contract dispute over policy coverage and the processing of a claim which is unique to these parties, not conduct which affects the consuming public at large"); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26-27, 647 N.E.2d 741, 745 (1995) (finding that "private contract disputes unique to the parties . . . [do] not fall within the ambit of [Section 349]"); *Genna v. Sallie Mae, Inc.*, No. 11-cv-7371(LBS), 2012 WL 1339482, at *7 (S.D.N.Y. Apr. 17, 2012) ("Absent further facts suggesting that this is more than an isolated event between the parties—that this was in fact a deceptive business practice aimed at the public—we must dismiss [the plaintiff's § 349 claim]."). It is similarly well-settled that "where a plaintiff only makes conclusory allegations about misrepresentations affecting consumers generally, a Section 349 claim must be dismissed." *Kilgore*, 89 F.Supp.3d at 536 (citing cases).

Here, even assuming the allegations contained in the Amended Complaint are true (as the Court must on a motion to dismiss), Plaintiff does nothing more than allege or describe a "private" dispute between Plaintiff and the defendants. In addition, Plaintiff's vague and conclusory allegations that each defendant's conduct was "consumer-oriented and has a broad

**MCLAUGHLIN & STERN, LLP**
Hon. Margo K. Brodie
November 23, 2015
Page 3

impact on the New York consuming public" (*see* Doc. 4 ¶¶ 74, 87, 100) are simply not enough to allow her Section 349 claims to survive a motion to dismiss under Rule 12(b)(6).  For these reasons, which shall be set forth in greater detail in Capitol Discount's Motion, Plaintiff fails to state a claim upon which relief can be granted under Section 349.

  **B.  Plaintiff Fails to State a Claim Under Section 402**

  As noted above, Plaintiff also alleges that both Maylah and Capitol Discount violated Section 402 by "causing [Plaintiff] to sign a blank contract for the terms to be filled in after it was signed, and for seeking legal fees related to the collection of the putative consumer debt." *See* Doc. 4 ¶¶ 93, 104.  Putting aside the disputed factual issue regarding whether the Contract was actually "blank" when signed, the Court should note that Section 402 allows certain portions of a contract to be left blank under certain circumstances.  *See* N.Y. PERS. PROP. LAW § 402(4).  Thus, to properly state a claim under Section 402, a plaintiff is required to, at very least, identify in its pleadings which specific portions of the contract were blank at the time of execution.  *Id*.  Because Plaintiff has failed to do so here, the Amended Complaint is deficient and Plaintiff's purported claims under Section 402 should be dismissed under Rule 12(b)(6).[1]

  Plaintiff's purported claims under Section 402 should be dismissed for the additional reason that, while nullifying any provision in a contract providing for the payment of attorneys' fees or costs incurred in a collection lawsuit, Section 402 does *not* prohibit the conduct alleged by Plaintiff in this case – *i.e.*, an alleged attempt by Capitol Discount to collect legal fees incurred in the prior collection lawsuit.  *See* N.Y. PERS. PROP. LAW § 402(6-a).  In fact, Plaintiff admits that the Contract in this case does not provide for attorneys' fees (*see* Doc. 4 ¶ 25). As a result, Plaintiff fails to state a claim for violation of Section 402(6-a).

**Conclusion**

  Based on the foregoing, Capitol Discount respectfully requests a pre-motion conference or, in the alternative, that the Court set a motion schedule without a pre-motion conference.

              Respectfully submitted,

              */s/ Chester R. Ostrowski*

              Chester R. Ostrowski

cc:  All Counsel of Record (via CM/ECF)

---

[1] In any event, the Contract also contains all of the disclosures required by law, including the "NOTICE TO BUYER" stating, "DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACE" and "YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT."  *See* N.Y. PERS. PROP. LAW § 402(2) (setting forth required notices).  In deciding Capitol Discount's Motion, the Court may consider the Contract and any other documents incorporated by reference into the Amended Complaint or upon which Plaintiff relied in commencing this action.  *See*, *e.g.*, *Costa v. Astoria Federal Sav. & Loan Ass'n*, 995 F.Supp.2d 146, 149 (E.D.N.Y. 2014).

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 23, 2015, a copy of the foregoing Pre-Motion Conference Request was filed electronically and served by mail on anyone unable to accept the electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Chester R. Ostrowski

Chester R. Ostrowski
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, New York 10016
Tel.: (212) 448-1100
Fax: (212) 448-0066
costrowski@mclaughlinstern.com