LAW OFFICE OF
# ALLISON M. FURMAN, P.C.
260 Madison Avenue, 15th floor
New York, New York 10016
Telephone: (212) 684-9400
Facsimile: (212) 202-4781

November 23, 2015

**BY ELECTRONIC CASE FILING**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Daphney Scott v. E. Hope Greenberg, et al.
            Case No. 1:15 CV-05527 (E.D.N.Y.)

Dear Judge Brodie:

      This firm is counsel to defendant Maylah Furniture a/k/a Mylah Furniture Inc. ("Defendant") in connection with the above-referenced action. This letter shall serve as our client's request for a pre-motion conference in connection with a motion which our client seeks to file pursuant to Rule 12(b)(6) to dismiss the Complaint because it fails to state a cause of action as against Defendant.

**A.**    **The Complaint**

      Plaintiff Daphney Scott ("Plaintiff") commenced this action on or about September 23, 2015 by filing an Original Complaint (the "Complaint"). On or about October 8, 2015, Plaintiff filed an Amended Complaint. In her Amended Complaint, Plaintiff alleges two causes of action as against Defendant: (i) breach of General Business Law Section 349; and (ii) a violation of Personal Property Law Section 402. As discussed herein, the Complaint fails to state a cause of action under both General Business Law Section 349 and Personal Property Law Section 402.

      In the Complaint, Plaintiff alleges that she went to Defendant's store in September 2012 to purchase furniture. After purportedly finding a table, couch and dresser that she contends that she wanted to purchase, Plaintiff, who admittedly needed a payment plan in order to purchase the furniture, alleges that she was presented with a document containing unspecified blanks by Defendant's agent for signature. Plaintiff asserts that she

Page 2
The Honorable Margo K. Brodie
November 23, 2015

was advised that her signature on the document would enable Defendant's agent to seek financing so that Plaintiff could purchase the furniture. Even though the document contained purported blanks, Plaintiff admittedly signed the alleged document. It is this purported blank document, which Plaintiff later identifies as the Security Agreement-Retail Installment Contract (the "Contract") that she claims she subsequently received in October 2012 with the unidentified blanks filled in, that serves as the basis of her claims against Defendant.

**B.     The Sixth Cause of Action for
        Breach of General Business Law
        <u>Section 349 Fails to State a Cause of Action</u>**

In the Complaint, Plaintiff asserts a sixth cause of action against Defendant for breach of General Business Law Section 349 based upon her contentions that Defendant induced her to sign a blank Contract by misrepresenting that it was a finance application instead of the Contract. In addition to the fact that this claim is factually false, Plaintiff has failed to satisfy the elements necessary to state a cause of action.

"A plaintiff under section 349 must prove three elements: first that the challenged act or practice was consumer oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." <u>Stutman v. Chemical Bank</u>, 95 N.Y. 2d 24, 709 N.Y.S.2d 892 (2000).

With respect to consumer oriented conduct, Plaintiff "must demonstrate that the acts or practices have a broader impact on consumers at large. Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." <u>Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank., N.A.</u>. 85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995).

In the Complaint, Plaintiff has failed to plead or otherwise show that Defendant's acts have an impact on consumers at large While she states that same in a conclusory manner in paragraph "100" of the Complaint, Plaintiff has failed to set forth any factual allegations stating how Defendant's purported acts have an impact on consumers at large. As evidenced by the allegations, the Complaint concerns a private dispute between the parties. Based upon the fact that it concerns a private dispute between the parties, the Complaint fails to state a cause of action under General Business Law Section 349.

Page 3
The Honorable Margo K. Brodie
November 23, 2015

### C. The Complaint Fails to State a Cause of Action for Violation of Personal Property Law Section 402

As a seventh cause of action, Plaintiff alleges that Defendant violated Section 402 of the Personal Property Law based upon her contention that Defendant caused Plaintiff to sign the Contract which contained blank spaces.

Section 402 of the Personal Property Law requires that certain items be filled in on an installment payment contract. In addition to the fact that her claims are factually false, Plaintiff has failed to specify which items were allegedly left blank on the Contract when she purportedly signed it. Pursuant to Personal Property Law Section 402(4), certain provisions of a retail installment contract may be left blank. Without specifying which provisions of the Contract were purportedly left blank, the Complaint fails to state a cause of action for a violation of Personal Property Law Section 702.

Please call me if the Court has any questions. Thank you.

Respectfully submitted,

Allison M. Furman

cc: All counsel (by ECF)