| | |
|---|---|
| DAPHNEY SCOTT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:15-cv-05527-MKB-RER |
| ) | |
| -against- ) | |
| ) | |
| E. HOPE GREENBERG, ) | |
| CAPITOL DISCOUNT CORP., ) | |
| and MYLAH FURNITURE INC. ) | |
| a/k/a MAYLAH FURNITURE, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF JARROD GREENBERG IN SUPPORT OF DEFENDANT**
**CAPITOL DISCOUNT CORPORATION'S MOTION TO DISMISS**

JARROD GREENBERG, hereby declares under penalty of perjury as follows:

1. I am a Vice President for defendant Capitol Discount Corporation ("Capitol Discount") and, as such, I have knowledge and authority to make this declaration on behalf of Capitol Discount in support of its motion to dismiss the Fourth Cause of Action and the Fifth Cause of Action alleged by plaintiff Daphney Scott ("Plaintiff") in the Amended Complaint filed in the above-captioned action.

2. The document attached hereto as **Exhibit A** is a true copy of a Credit Application dated September 22, 2012, which was submitted to Capitol Discount by or on behalf of Plaintiff.

3. The document attached hereto as **Exhibit B** is a true copy of Mylah Furniture Invoice No. 2177 dated September 24, 2012.

4. The document attached hereto as **Exhibit C** is a true copy of the Security Agreement-Retail Installment Contract (the "Contract") entered into by and between Plaintiff and defendant Mylah Furniture in connection with Plaintiff's purchase of certain furniture (the "Furniture") from Mylah Furniture on or about September 25, 2012.

5.      Pursuant to an assignment provision contained in the Contract, all of Mylah Furniture's right, title, and interest in and to the Contract and the Furniture were simultaneously assigned to Capitol Discount, which indirectly financed Plaintiff's purchase of the Furniture.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:   New York, New York
         February 3, 2016

_____

JARROD GREENBERG

2

# EXHIBIT A

**CAPITOL DISCOUNT CORP**
2650 Merrick Rd. Bellmore, NY 11710-5707

**CREDIT
APPLICATION**

Ph 516-679-2500
Fax 516-679-2523

☐ Maker  ☐ CoMaker for # 20|209 2403  Relationship ____  Date 9/22/12

| DEALER MYLAH FURNITURE | DEALER PHONE 347·442·0500 | ITEM PURCHASED | |
|---|---|---|---|
| SALES PRICE + TAX | DOWN PAYMENT | AMOUNT FINANCED 5000.00 | TERMS |
| LAST NAME SCOTT | FIRST DAPHNEY  MIDDLE | DATE OF BIRTH 7-5-66  SSN 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 | |
| HOME ADDRESS 1352 BUSHWICK AVE | CITY – STATE BKLY NY | APT # 2  ZIP CODE 11207 | HOME PHONE 917-652-4532 |
| YEARS AT HOME ADDRESS 3 1/2  LIVING WITH | | NO. OF DEPENDENTS | PAGER OR CELL PHONE # 347-721-2728 |
| LANDLORD OR MORTGAGE HOLDER | | OWNS____  RENTS ✓ | RENT OR MORTGAGE PAYMENT |
| PREVIOUS HOME ADDRESS | | | YEARS THERE |
| EMPLOYER JOHN KOKER DAY CARE | EMPLOYER'S ADDRESS 1375 BUSHWICK AVE | CITY – STATE BKLY NY | ZIP CODE |
| PHONE # 718-425-1414  EXT | YEARS ON JOB 19 YRS  POSITION TEACHER | SALARY mth 3100.00 | SUPERVISOR |
| PREVIOUS EMPLOYER NAME AND ADDRESS | | | YEARS THERE |
| OTHER INCOME | SOURCE OF INCOME | | |
| LIST OTHER NAMES UNDER WHICH YOU HAVE APPLIED FOR OR BEEN GRANTED CREDIT. | | | |

## SPOUSE INFORMATION (FOR OTHER CO-APPLICANT, USE SEPARATE APPLICATION)

| LAST NAME | FIRST  MIDDLE | DATE OF BIRTH  SSN | |
|---|---|---|---|
| EMPLOYER | EMPLOYER'S ADDRESS | CITY – STATE | ZIP CODE |
| PHONE #  EXT | YEARS ON JOB  POSITION | SALARY | SUPERVISOR |
| PREVIOUS EMPLOYER NAME AND ADDRESS | | YEARS THERE | |
| OTHER INCOME | SOURCE OF INCOME | | |
| LIST OTHER NAMES UNDER WHICH YOU HAVE APPLIED FOR OR BEEN GRANTED CREDIT. | | | |

| NAME OF BANK BANCO POPULAR | ADDRESS | | ACCOUNT NUMBER |
|---|---|---|---|
| CREDIT REFERENCE  A/C NUMBER | | CREDIT REFERENCE  A/C NUMBER | |
| CREDIT REFERENCE  A/C NUMBER | | CREDIT REFERENCE  A/C NUMBER | |

| PERSONAL REFERENCE Koralee Hodge | ADDRESS 1375 Bushwick Ave | RELATIONSHIP friend | PHONE 347.249.5397 |
|---|---|---|---|
| PERSONAL REFERENCE Patricia Edwards | ADDRESS 495 Decatur St | RELATIONSHIP friend | PHONE 718 453 4545 |
| PERSONAL REFERENCE Gay Estrada | ADDRESS 661 Central Ave Bkly NY | RELATIONSHIP friend | PHONE 347 529 7072 |

I/We have completely and correctly answered all of the questions on this application and understand that Capitol Discount will rely on the answers given. During the review of my application, Capitol Discount may obtain a credit report on me, and if my application is approved, Capitol may at any time in the future obtain any additional credit reports to review my account. I/We have the right to ask for the name and address of the credit reporting agency which gave Capitol the credit report. This application will be processed by and remain the property of Capitol Discount. By signing this application, I/We authorize my employer to release personal employment information regarding my tenure, salary, occupation, and garnishee record (if any) to Capitol Discount. I understand that my employer's reply will be held in confidence and without liability to my employer. I/We also authorize you to release to and or obtain from third parties any information disclosed on this application, my transactions with you, and my transactions with third parties.

APPLICANT MUST SIGN HERE >> _Daphney Scott_

SPOUSE MUST SIGN HERE >> _____

# EXHIBIT B

# INVOICE 2177

**Lic# 1384678**

# MYLAH FURNITURE

1602 Pitkin Ave
Brooklyn NY 11212
(bet. Thomas Boyland & Amboy)

TEL 347-442-0500
FAX 347-350-8890

www.pitkinfurniture.com

| SALESPERSON | | |
|---|---|---|
| | WAYNE | |
| DATE | LAYAWAYS PAYMENT | BALANCE |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**NO CASH REFUND**
**NO VULEVE DINERO**

**WE GUARANTEE YOUR**
**CREDIT APPROVAL**

---

417-152-4532

| ORDER DATE | PHONE | DELIVERY DATE | TIME | | |
|---|---|---|---|---|---|
| 9-24-12 | 347 721-2728 | | | AM | PM |

| NAME | CO-APPLICANT NAME |
|---|---|
| DAPHNEY SCOTT | |

| ADDRESS | APT NO | DELIVERY ADDRESS |
|---|---|---|
| 1352 BUSHWICK AVE | 2 | |

| CITY | STATE | ZIP | CROSS STREET |
|---|---|---|---|
| BKLN | NY | 11207 | |

| ITEM | DESCRIPTION | PRICE | TOTAL |
|---|---|---|---|
| | #750 ASHLEY CHOCOLATE 2 PC SOFA & LOVE - SG91 | | |
| | M/MADE # DALLAS TABLE & 4 CHAIRS | | |
| | CH#3 1 BLACK JUMBO 5 DRAW CHEST | | |
| | | | |

☑ **CASH**  ☐ **AMEX**  ☐ **VISA/MC**  ☑ **CAPITOL**
☐ **CREDIT**  ☐ **COD**  ☐ **LAYAWAY**  ☐ **GE**

**NOTE** DEL/SET UP INCLUDED

**ALL SALES ARE CUSTOM SPECIAL ORDERS AND ARE NON-CANCELABLE** ☐
1. NO CASH OR CREDIT CARD REFUNDS REFUND
2. THERE IS A 50% PENALTY ON ALL CANCELED ORDERS
3. CUSTOMER IS RESPONSIBLE IF FURNITURE DOES NOT FIT
4. ADDITIONAL FEE REQUIRED ON MERCHANDISE NEEDING DISASSEMBLY
5. STORE IS NOT LIABLE FOR BACK ORDERS FROM MANUFACTURERS
6. LAYAWAYS REQUIRE 30% DOWN PAYMENT
7. NO EXCHANGES ON FLOOR SAMPLES OR PICK UP MERCHANDISE
8. ALL PICTURES AND IMAGES ARE SUPPLIED BY MANUFACTURER THEREFORE STORE CAN NOT BE RESPONSIBLE FOR ANY VARIATION IN COLOR OR FIXTURE.

| | |
|---|---|
| Sub Total | |
| Del Chg | |
| Sales Tax | |
| TOTAL ▶ | 3050.00 |
| Deposit | 50.00 |
| Balance | 3000.00 |

**Maker Signature** _D Scott_ — **Co-maker Signature** _____
**I RECEIVED THE MERCHANDISE IN GOOD CONDITION.**

**Maker Signature** _D Scott_

STORE COPY

# EXHIBIT C

# SECURITY AGREEMENT - RETAIL INSTALLMENT CONTRACT

Seller's Name and Address: MAICAH FURNITURE 1682 Pitkin Ave BROOKLYN NY 11212

**CAPITOL DISCOUNT CORPORATION**
2650 MERRICK ROAD
BELLMORE, NEW YORK 11710-5707

Date: 9/25/12  Account No: 095167

Purchaser's Name: DAPHNEY SCOTT

Address: 1352 BUSHWICK AVE

Delivery Address If different: Same

Phone No.: 917.652.4582   347.721.2708

City: Bklyn   State: NY   Zip: 11217

**INSTALLMENT SALE:** While we, the Seller have offered to sell the merchandise described below for the Cash Price shown in item 1, you, meaning each person signing this contract as Buyer, have chosen to make this purchase from us on a deferred payment basis, under the terms contained on both sides of this contract, for the Total Sale Price shown. You agree that the numerical amounts shown below accurately reflect the details of this purchase and promise to pay the Seller the Total of Payments shown below in accordance with the payment schedule in that section.

| DESCRIPTION OF ARTICLES | MODEL NO. | SERIAL NO. | PRICE |
|---|---|---|---|
| SOFA & LOVE | 7300438,38 | NA | 3050 |
| TABLE 4 CHAIR | DALLAS | | |
| 3Drew Chest (BLAK) | CH3 | | |

## NOTICE TO THE BUYER

1. DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACE. 2. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT. 3. UNDER THE LAW, YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS TO OBTAIN A PARTIAL REFUND OF THE CREDIT SERVICE CHARGE. (THE FINANCE CHARGE SHOWN BELOW).
IF YOU PAY OFF IN ADVANCE THE FULL AMOUNT DUE YOU WILL GET A REFUND OF THE UNEARNED FINANCE CHARGE FIGURED BY THE GENERALLY ACCEPTABLE ACTUARIAL METHOD. NO REFUND UNDER ONE ($1.00) DOLLAR WILL BE MADE.
NOTICE—ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSET AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO, OR WITH THE PROCEEDS HERE-OF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

ASSIGNMENT OF THIS CONTRACT: THIS CONTRACT MAY BE ASSIGNED TO CAPITOL DISCOUNT CORPORATION, 2650 MERRICK ROAD, BELLMORE, N.Y. 11710. WE AGREE TO NOTIFY YOU PROMPTLY OF SUCH ASSIGNMENT.

OWNERSHIP OF THE MERCHANDISE PURCHASED: YOU AGREE THAT TITLE AND OWNERSHIP OF THE MERCHANDISE SOLD UNDER THIS CONTRACT SHALL REMAIN IN THE SELLER OR ITS ASSIGNEE UNTIL ALL THE AMOUNTS DUE UNDER THIS CONTRACT HAVE BEEN PAID IN FULL. THE MERCHANDISE SHALL REMAIN PERSONAL PROPERTY REGARDLESS OF THE MANNER IN WHICH IT MAY BE AFFIXED TO REAL PROPERTY.

COMMENCEMENT OF FINANCE CHARGE: FINANCE CHARGE WILL BEGIN ONE CALENDAR MONTH PRIOR TO THE FIRST SCHEDULED PAYMENT DUE DATE SHOWN BELOW.

1. CASH PRICE . . . . . . . . . . . . . . . . . $ 3050
2. (a) SALES TAX (IF ANY) . . . . . . . . . . $ —
   (b) ADDITIONAL CHARGES . . . . . . . . $ —
3. TOTAL CASH PRICE (1 PLUS 2a PLUS 2b) . . . . . . . . $ 3050
4. DOWN PAYMENT
   (a) CASH DOWN PAYMENT . . . . . . . . $ 50
   (b) TRADE IN (DESCRIBE) . . . . . . . . . $ —
5. TOTAL DOWN PAYMENT (4a PLUS 4b) . . . . . . . . . . . $ 50
6. UNPAID BALANCE OF CASH PRICE (3 LESS 5) . . . . . . . . $ 3000
7. OTHER CHARGES
   (a) BALANCE PRIOR ACCOUNT NO . . . . . . . . . . . . $ —
   (b) LESS REBATE AS REQUIRED . . . . . $ —
8. TOTAL OF OTHER CHARGES (7a LESS 7b) . . . . . . . . . . $ —
9. AMOUNT FINANCED (6 PLUS 8) . . . . . . . . . . . . . . $ 3000

| Amount Financed | FINANCE CHARGE | Total of Payments | Total Sale Price | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| The amount of credit provided to you or on your behalf: | The dollar amount the credit will cost you: | The amount you will have paid after you have made all payments as scheduled: | The total cost of your purchase on credit including your down-payment of: $ 50 | The cost of your credit as a yearly rate: |
| $ 3000 | $ 1290.48 | $ 4290.48 | $ 4340.48 | 24.9 % |

YOUR PAYMENT SCHEDULE WILL BE

| NO. OF PAYMENTS | AMOUNTS OF PAYMENTS | | WHEN PAYMENTS ARE DUE | |
|---|---|---|---|---|
| 36. | 119.18 | MONTHLY, BEGINNING | 10/25/12  OCT 28 2012 | OR ONE MONTH FROM THE DATE OF DELIVERY IF NOT OTHERWISE SPECIFED. |

ALL PAYMENTS PAYABLE ON THE SAME DAY OF EACH MONTH AT THE OFFICE ADDRESS OF ANY "HOLDER OF THIS CONTRACT."

**SECURITY:** YOU ARE GIVING A SECURITY INTEREST IN THE GOODS BEING PURCHASED.

**LATE CHARGE:** YOU WILL BE CHARGED A LATE CHARGE OF 10% OF THE MONTHLY INSTALLMENT, WITH A MINIMUM CHARGE OF $15.00, ON ANY PAYMENT RECEIVED MORE THAN 10 DAYS AFTER THE DUE DATE.

**PREPAYMENT:** IF YOU PAY OFF EARLY, YOU MAY BE ENTITLED TO A REFUND OF PART OF THE FINANCE CHARGE.
SEE CONTRACT TERMS ABOVE AND ON REVERSE SIDE FOR ADDITIONAL INFORMATION ABOUT NONPAYMENT, DEFAULT, REQUIRED REPAYMENT IN FULL BEFORE THE SCHEDULED DATE AND PREPAYMENT REFUNDS.

I HAVE READ THIS RETAIL INSTALLMENT CONTRACT. I UNDERSTAND THAT IT CONTAINS ALL OUR RIGHTS AND RESPONSIBILITIES. IT CANNOT BE CHANGED WITHOUT SELLER'S WRITTEN PERMISSION. I HAVE READ THE TERMS ON THE REVERSE SIDE AND UNDERSTAND THAT THEY ARE PART OF THIS RETAIL INSTALLMENT CONTRACT TOO. I HAVE RECEIVED A COMPLETED COPY OF THIS RETAIL INSTALLMENT CONTRACT, BOTH IN ENGLISH AND SPANISH.

(for Dealer Only) The undersigned hereby sells, transfers, and sets unto CAPITOL DISCOUNT CORPORATION, under the Terms and Conditions of the dealer assignment on the reverse side
with NO RECOURSE (# months, full, % recourse) this contract. ACCEPTED BY
Seller: MAICAH FURNITURE
Seller's Place of Business: 1682 Pitkin Ave Bky N
By: Moishe  (L.S.)

(1) Daphney Scott
(BUYER SIGN HERE)

(2) _____
(BUYER SIGN HERE)

**GUARANTY: WHY I'M GUARANTEEING THIS CONTRACT.** So Seller will extend credit to the Buyer as provided in the Contract accompanied by this guaranty. **WHAT I'M GUARANTEEING.** I guarantee all Contract payments will be made when due and all contract promises will be kept. **RESPONSIBILITY.** All persons signing this guaranty will be responsible, individually and together, for paying all amounts due under this guaranty. Seller can sue me to collect amounts due under this guaranty, even if seller does not sue anyone else. **NO NOTICE OR LOSS OF RIGHTS.** Seller does not have to notify me if any payment under the Contract is not made by the day it is due. Seller can do any of the following without notifying me or losing any right against me under this guaranty: (1) Give anyone responsible for paying any amount due under the Contract additional time to pay it; or (2) Give up or delay enforcing any right against anyone responsible for paying any amount due under the Contract; or (3) Give up or delay enforcing any right in any property securing the Contract; or (4) Change any term of the Contract if anyone else signing the Contract agrees. At the time I signed this guaranty, I received a completed copy of the front and back of the Retail Instalment Contract on which this guaranty signed by me is printed.

(GUARANTOR) _____   (GUARANTOR) _____

(GUARANTOR) _____   (GUARANTOR) _____

## OTHER CONDITIONS OF THIS CONTRACT ON THE REVERSE SIDE.

RIC-107(REV 11/10)

ORIGINAL

# CONDITIONS

**HOW THE FINANCE CHARGE IS FIGURED** – The Finance Charge, which consists only of interest, has been computed upon the basis that I will pay all installments on the scheduled due dates. If any installment is received later than the scheduled due date, I will be obligated to pay such additional amounts as may become payable by reason of the accrual of interest calculated daily upon the unpaid balance of the Amount Financed. In the event that any installment is made in advance of the scheduled due date, the interest charges will be reduced accordingly. The amount of this decrease or increase will be reflected in the final payment.

**CONSOLIDATION OF PREVIOUS CONTRACT** – In the event a previous contract is consolidated with this sale, you will pay, in substantially equal monthly payments, the combined total of the unpaid balance relating to this sale and the balance owing under the previous contract, together with the finance charge.

**CREDIT HISTORY AND USE OF ACCOUNT INFORMATION** – You give us the right to investigate your credit capacity and credit history and to furnish information concerning this contract to credit reporting agencies. You also give us the right to sell or rent your account information (normally limited to name and address) to all others who may lawfully receive such information for their own lawful use, sale or solicitation, as they may deem to be appropriate. You understand you may request that the sale or rental of your account information be discontinued.

**SECURITY** – To protect seller if you default on this Contract before you pay the Total of Payments in full, you hereby give seller what is known as a purchase money security interest in the property described above under the heading called "Description of Articles".

**DEFAULT** – You will be in default: If you don't pay an installment on time, or if any insolvency or bankruptcy actions are begun by or against you or if you do not fulfill any other requirement of this Contract. Seller may then demand immediate payment of the unpaid balance of the Total of Payments of this Contract minus the part of the Finance Charge which hasn't been earned, figured by the generally acceptable actuarial method. Seller will also have other legal rights, for example, the right to repossess, sell and apply the security to the payments due under this Contract, all as authorized by the Uniform Commercial Code of this state.

**IRREGULAR PAYMENTS** – Seller may accept late payments or partial payments, even though marked "payment in full", without losing any of Seller's rights under this Contract.

**APPLICATION OF PAYMENTS** – Any payment received will be applied to any overdue installment unpaid for the longest period of time, unless otherwise specified.

**FINANCIAL STATEMENT** – To give public notice of seller's security interest in the property described above, you authorize seller to file any necessary financing statement with your signature on it.

**FILING FEES FOR FINANCING STATEMENT** – You agree to pay any fees required to file any necessary financing statements.

**RISK OF LOSS** – Loss, injury or destruction of the property described above will in no way cause seller to lose any of the seller's rights under this Contract.

**SIGNERS OF CONTRACT** – You agree to be equally responsible with anyone else signing as Purchaser, and seller may sue anyone or all of us. Seller doesn't have to notify Buyer that this Contract hasn't been paid. Seller may change the terms of payment without notifying you and without releasing you from any responsibilities of this Contract.

**REMOVAL OF AND USE OF PROPERTY PURCHASED** – You agree not to use the property you have purchased and which is described on reverse in violation of the law. You will not remove any property from the address shown on reverse unless seller first gives written permission to do so.

**WAIVER OF PROPERTY EXEMPTION LAWS** – You waive any homestead or any other property exemption laws where such waiver is permitted by law.

**ORAL STATEMENTS** – This Contract contains all of seller's rights and responsibilities. No warranties, representations, or statements, promises or inducements are valid unless they are contained in this Contract.

**INVALID PART OF CONTRACT** – If any part of this Contract is invalid under the law of this state, seller will not lose any of his rights as to other parts of this Contract.

**LAW APPLICABLE** – You agree that the law of the State of New York will govern all aspects of this Contract.

**REPAYMENT AND REFINANCED AMOUNTS** – Even though you needn't pay more than the fixed installment, you have the right to prepay the whole outstanding amount of this Contract (total unpaid balance of the Total of Payments) at any time. If you do, or if this Contract is refinanced – that is, replaced by a new Contract – seller will refund the unearned finance charge, figured by the generally acceptable actuarial method. Seller need not make any refund of any finance charge less than $1.00.

**RETURNED CHECK FEE:** If any check presented to us for payment on your account is returned unpaid by your bank, we may charge your account a handling fee of the maximum amount as may be authorized by law in effect on the date appearing on such check, in addition to any other charges stated herein.

**PAYMENTS:** Payments received after 11:00 AM, eastern time or on weekends or holidays may not be credited until the next business day. We will not be responsible for payments made to anyone other than Capitol Discount Corporation.

# DEALER'S ASSIGNMENT

For valuable consideration received, the seller hereby sells, assigns and transfers to Capitol Discount Corp., hereinafter called the assignee, and its successors, all its right, title and interest in and to the Retail Installment Contract on the reverse side, together with the chattels described on the reverse side under "Description of Articles", hereby granting full power to the assignee, either in its own name or in the name of the seller to take all such legal and other proceedings that the seller might have taken but for this assignment.

**A.** The seller makes the following guarantees for the purpose of inducing Capitol Discount Corp. to purchase the Retail Installment Contract on the reverse side: 1. The contract assigned represents a valid, enforceable and collectable deferred payment obligation (for the amounts set forth on the reverse side) of a bona fide buyer having the legal capacity to enter into a legal contract. 2. That title to the property set forth under "Description of Articles" was at the time of sale free of all liens and encumbrances and is subject to no defenses or counterclaims. 3. It will indemnify and hold Capitol Discount Corp. harmless against any claim by buyer arising out of the sale of the property described under "Description of Articles". 4. If a down payment is set forth on the reverse side of this agreement, it was paid by the buyer and neither all, nor any part thereof or any amount remaining to be paid thereunder, has been or will be loaned or otherwise provided for directly or indirectly by the seller or its agents. 5. If there is a trade-in set forth on the reverse side of this agreement, it was actually taken in trade for resale, and said trade-in was registered in the name of and actually owned by the buyer. 6. Any payment which has been or may be made to the seller under or relative to this contract will be received in trust by the seller and remitted to Capitol Discount Corp. promptly, in the form received for credit to this contract. 7. The sale evidenced by this contract does not constitute "deal-splitting", it being intended and agreed that the description of sale on the reverse side represents the complete purchase by the buyer, and that no other contract has been entered into between them for the purpose of assigning the same to another person or firm to be retained by the seller. 8. The sale evidenced by this contract was consummated between the buyer and seller in the regular course of business and at the seller's place of business set forth in this contract and delivered complete to and accepted by the buyer at the address set forth in this contract.

If any one of the aforementioned guarantees should be untrue, seller shall immediately repurchase from the assignee, upon demand by the assignee, said contract. **B.** The seller shall upon demand, by the assignee, immediately repurchase said contract from assignee for any one of the following reasons: 1. In the event, that any signature appearing on the contract belongs to a minor or is a forgery. 2. If the goods bought are returned to the seller. 3. If within thirty (30) days, after the assignee mails to the buyer(s) at the address shown on the contract, its notice of assignment and payment book, the assignment and payment book are returned to the assignee undelivered to the buyer(s) for any reason whatsoever. 4. If the buyer gives notice to the assignee that he (she) has a claim or defense arising out of the sale of the goods within 45 days after assignee mails to buyer the notice of assignment. 5. In the event of a first payment default. 6. In the event any governmental agency or authority (Federal, State, County, Municipal, etc.), or court of competent jurisdiction rules the sale to be "illegal", "void", "invalid", "unethical", "unconscionable", or similar language. 7. In the event the assignee's investigation proves that any of the names or addresses of the buyer(s) or co-buyer(s) were incorrectly given to the assignee by the seller or on the credit statement either by mail or telephone and the assignee's reinvestigation shows the buyer or co-buyer to be credit unworthy. **C.** If, based on the provisions in the aforementioned Dealer's Assignment, the repurchase of this Retail Installment Contract by the seller is demanded by the assignee, the seller agrees to pay the assignee, at the option of the assignee, either the original consideration paid the seller by the assignee plus costs and expenses, or the unpaid balance, whether or not due, less a rebate calculated by the generally acceptable actuarial method, as applied to a pre-paid contract or obligation, plus costs and expenses. **D.** This agreement shall not be modified except in writing duly signed by the parties hereto. **E.** The failure of the assignee to insist upon a strict performance of any of the terms, conditions or covenants herein, shall not be deemed a waiver of any rights or remedies, that the assignee may have and shall not be deemed a waiver of any subsequent breach or default in terms or conditions herein contained. **F.** The said remedies are cumulative and not exclusive and shall not affect any other right or remedy that the assignee might have at law or in equity against the seller.