# MᴄLᴀᴜɢʜʟɪɴ & Sᴛᴇʀɴ, LLP
### Fᴏᴜɴᴅᴇᴅ 1898

**Cʜᴇsᴛᴇʀ R. Osᴛʀᴏᴡsᴋɪ**
Partner
costrowski@mclaughlinstern.com
Direct Dial: (212) 455-0454

260 Mᴀᴅɪsᴏɴ Aᴠᴇɴᴜᴇ
Nᴇᴡ Yᴏʀᴋ, Nᴇᴡ Yᴏʀᴋ 10016
(212) 448–1100
Fᴀx (212) 448–0066

www.mclaughlinstern.com

**Gʀᴇᴀᴛ Nᴇᴄᴋ, Nᴇᴡ Yᴏʀᴋ**
**Mɪʟʟʙʀᴏᴏᴋ, Nᴇᴡ Yᴏʀᴋ**
**Wᴇsᴛᴘᴏʀᴛ, Cᴏɴɴᴇᴄᴛɪᴄᴜᴛ**
**Wᴇsᴛ Pᴀʟᴍ Bᴇᴀᴄʜ, Fʟᴏʀɪᴅᴀ**
**Nᴀᴘʟᴇs, Fʟᴏʀɪᴅᴀ**

October 4, 2017

**VIA E-FILING (CM/ECF)**
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N208
Brooklyn, New York 11201

> **Re:** **Joint Request for Extension of Time and Settlement Conference**
> *Daphney Scott v. E. Hope Greenberg, et al.,*
> **Case No. 1:15-cv-05527-MKB-RER**

Dear Judge Reyes:

We represent defendant Capitol Discount Corporation ("Capitol Discount") in the above-referenced action. Together with counsel for defendant E. Hope Greenberg ("Greenberg"), and in accordance with Your Honor's Motion and Individual Practice Rules, we write to respectfully request the following: (1) an extension of time of eight (8) days, up to and including October 12, 2017, to serve objections, responses, and documents responsive to the interrogatories and document production requests served by plaintiff Daphney Scott ("Plaintiff") upon Capitol Discount and Greenberg, respectively, on September 1, 2017 (collectively, the "Discovery"); and (2) an Order scheduling a settlement conference before Your Honor sometime between October 23, 2017 and October 31, 2017 and providing that depositions in this matter shall not proceed until after the settlement conference. The basis for this joint request is set forth below.

**Background**

Capitol Discount and Greenberg each filed and served answers to Plaintiff's Second Amended Complaint in this action on May 11, 2017. *See* CM/ECF Docs.45, 47. Almost four months later, on September 1, 2017, Plaintiff served the Discovery.

Pursuant to the Federal Rules, the time within which Capitol Discount and Greenberg were to provide responses to the Discovery generally would have expired on October 2, 2017. On the morning of September 29, 2017, however, Greenberg's counsel (Heidi Gootnick, Esq.) sent an e-mail to Plaintiff's counsel (Shanna Tallarico, Esq.) requesting "the courtesy of a brief 10 day extension" so that full and complete responses could be provided. Ms. Gootnick further noted her belief that not everything would be available by October 2, and requested that Ms.

McLAUGHLIN & STERN, LLP
Hon. Ramon E. Reyes, Jr.
October 4, 2017
Page 2

Tallarico give her a call if she wanted to discuss further. By and through a series of e-mails on the same date: (i) Ms. Tallarico responded that Plaintiff would agree to an extension only until the "close of business on Wednesday, October 4"; (ii) Ms. Gootnick thanked Ms. Tallarico for the short extension, but indicated that the additional two days would not be enough time; (iii) the undersigned joined in the request for a 10-day extension on behalf of Capitol Discount, noting that the discovery end date in this matter is not until December 27, 2017 and, thus, even with the extension, the parties would have "more than two and half months to complete depositions with the benefit of full and complete written discovery"; but (iv) nonetheless, Ms. Tallarico indicated that Plaintiff would agree to an extension only until October 4 for objections and responses and until October 9 for document production.

By e-mail dated October 2, 2017, Ms. Gootnick indicated that Plaintiff's proposal for responses to the Discovery was not workable and that her office would not have asked for a 10-day extension if it was not necessary. In a separate e-mail on the same date, Ms. Gootnick suggested that the parties agree to participate in a settlement conference to determine whether this matter can be resolved "with the assistance of Judge Reyes without having to proceed with numerous time consuming and expensive depositions." Ms. Gootnick further stated that, "[i]f the settlement conference is not successful, we will still have ample time to conduct depositions (and we can schedule these depositions in advance to immediately proceed if the conference is not successful)." By letter dated October 3, 2017, Ms. Tallarico confirmed that "the most Plaintiff will agree to is an additional two days (or until October 4) for the responses and objections and one additional week (or until October 9) for the document production." Ms. Tallarico also indicated that "Plaintiff is happy to participate in a settlement conference before Judge Reyes," but Plaintiff would not consent to "stay any aspect of discovery until such conference takes place."

**Request for Extension**

The Federal Rules of Civil Procedure authorize the Court to extend the time within which an act may or must be done, for good cause, "with or without motion or notice if . . . a request is made . . . before the original time or its extension expires." FED. R. CIV. P. 6(b). In this case, good cause exists to grant Capitol Discount and Greenberg the short and reasonable extension that they now seek (before the expiration of time to respond as proposed by Plaintiff's counsel). The requested extension is necessary to allow Capitol Discount and Greenberg to formulate and finalize appropriate and complete responses to the Discovery. Neither party would have been able to do so by the close of business today (or even by next Monday, October 9) due to, among other things, the Jewish holidays, which fell or fall on September 21 and 22, September 30, and October 5 and 6, as well as the limited availability of the undersigned, Ms. Gootnick, and their respective clients due to the press of other business.

Plaintiff's argument that the requested extension is "going to prolong the entire discovery process" or will otherwise result in any prejudice to Plaintiff is both baseless and disingenuous for a number of reasons, including, without limitation, that: (i) the requested extension is for only eight (8) days (which includes Columbus Day – *i.e.*, a federal holiday – on October 9); (ii) Plaintiff currently has six attorneys of record from three different law firms or organizations, one

MCLAUGHLIN & STERN, LLP
Hon. Ramon E. Reyes, Jr.
October 4, 2017
Page 3

of whom will presumably be available to review the responses and documents in short order once they are served; (iii) as noted above, Plaintiff waited until almost four months after Capitol Discount and Greenberg served and filed their responsive pleadings to finally serve the Discovery; (iv) Plaintiff's responses to Capitol Discount's interrogatories and document production requests are not even due until October 16; and (v) the deadline for completion of all discovery in this matter is not until December 27, 2017. Moreover, neither Capitol Discount nor Greenberg has made any prior request for any discovery extension.

Based on the foregoing, Plaintiff's steadfast refusal to grant the requested extension is difficult to understand and, unfortunately, has left Capitol Discount and Greenberg with no choice but to burden the Court with this joint request. For these reasons, the Court should grant the initial prong of the joint request and allow both Capitol Discount and Greenberg until October 12, 2017 to serve objections, responses, and documents responsive to the Discovery.

**Request for Settlement Conference**

With respect to the second prong of the joint request, all of the relevant parties agree that a settlement conference should be scheduled for late October, subject to the Court's availability. The only dispute is whether the depositions tentatively scheduled for October 20 and October 24 should proceed in advance of the settlement conference. One of the most likely issues to hinder a settlement, however, is the already inflated demand for attorneys' fees by Plaintiff's counsel. Thus, from the perspective of Capitol Discount and Greenberg, it would make the most sense to have the settlement conference *before* all parties are forced to incur the additional time and expense of any depositions. Assuming the settlement conference occurs before the end of October, we have little doubt that depositions could still be completed between the settlement conference and the current discovery end date (December 27, 2017).

For these reasons, the Court should enter an Order scheduling a settlement conference and providing that depositions shall not proceed until after the settlement conference.

Respectfully submitted,

Chester R. Ostrowski

cc:    All Counsel of Record (via CM/ECF)