UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

№ 15-CV-05527
───────────────────

DAPHNEY SCOTT,

Plaintiff,

v.

E. HOPE GREENBERG,
CAPITOL DISCOUNT CORP., AND
MYLAH FURNITURE INC. A/K/A
MAYLAH FURNITURE,

Defendants.

───────────────────

**REPORT & RECOMMENDATION**

August 16, 2018
───────────────────

**To the Honorable Margo K. Brodie,
United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff, Daphney Scott ("Scott" or "Plaintiff"), commenced this action against E. Hope Greenberg ("Greenberg"), Capitol Discount Corp. ("Capitol Discount"), and Mylah Furniture Inc. a/k/a Maylah Furniture ("Maylah Furniture") (collectively, "Defendants") on September 23, 2015, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, New York General Business Law ("NYGBL") § 349, and New York Personal Property Law ("NYPPL") § 402 (*See* Dkt. No. 1, Complaint ("Compl.")).

Capitol Discount and Greenberg settled with Plaintiff, and on January 10, 2018, Your Honor issued an order dismissing the claims and counterclaims between the settled parties. (*See* Dkt. No. 66). On February 5, 2018, the Clerk filed an entry of default against Maylah Furniture for failing to defend this action, and Plaintiff filed her

1

motion for default judgment shortly after. (*See* Dkt. Nos. 69 &70). Your Honor has referred Plaintiff's motion to me for a report and recommendation. (*See* Dkt. Entry, 02/14/2018). Should the Court choose to exercise supplemental jurisdiction over the claims in question, then, for the reasons stated herein, I respectfully recommend that Plaintiff's motion for default judgment be granted.

## BACKGROUND

### I. Factual Background

As Your Honor is familiar with the facts in this case, I will not recite them at present, but refer you to your Memorandum and Order dated March 31, 2017, (Dkt. No. 41), and the Second Amended Complaint ("SAC"). (Dkt. No. 44 ("SAC")); *see also Scott v. Greenberg*, No. 15-CV-05527 (MKB) (RER), 2017 WL 1214441, at *1-3 (E.D.N.Y. Mar. 31, 2017).

### II. Procedural Background

Having settled her claims against Capitol Discount and their attorney, E. Hope Greenburg, Plaintiff now moves for default judgment against Maylah Furniture on her NYGBL § 349 and NYPPL § 402 claims. Maylah Furniture did initially respond to the Amended Complaint, (Dkt. No. 4), by filing a motion to dismiss, (Dkt. No. 37). Your Honor granted that motion, but gave Plaintiff leave to file a Second Amended Complaint with further support for her NYGBL § 349 and NYPPL § 402 claims against Maylah Furniture and Capitol Discount, (Dkt. No. 41), which Plaintiff did on April 27, 2017. (Dkt. No. 44). Maylah Furniture has not participated in this action since May 18, 2017 when the court granted Maylah Furniture's attorney's motion to withdraw. (*See* Dkt No. 48; Order dated 5/18/2017). Maylah Furniture did not participate in the settlement conference on October 25, 2017, and therefore, was not party to the settlement agreement reached at that time. The Clerk of Court recorded an entry of default against Maylah Furniture on February 8, 2018, (*See* Dkt. No. 68), and Plaintiff moved for default judgment on February 14, 2018. (*See* Dkt. No. 70).

## DISCUSSION

### I. Subject Matter Jurisdiction

At the outset, I note that it is questionable whether this Court has, or ever had, subject matter jurisdiction over Plaintiff's claims against Maylah Furniture. Plaintiff alleged an FDCPA violation by Greenburg, and thus, the Court had jurisdiction over that claim under 28 U.S.C. § 1331. Plaintiff alleges that the Court has supplemental jurisdiction over her state law claims against Greenburg, Capitol Discount, and Maylah Furniture under 28 U.S.C. § 1367, (SAC ¶ 2), and no one has challenged this claim to date. However, a district court can only exercise supplemental jurisdiction under Section 1367 if "the district courts have original jurisdiction" and the other claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Claims are considered "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Here, it is doubtful that Plaintiff's state law claims against Maylah Furniture arise from a common nucleus of operative fact with her FDCPA claims against Greenburg. Plaintiff alleges that Maylah Furniture violated NYGBL § 349 and NYPPL § 402 when Maylah's salesperson duped Plainitff into signing a blank retail

2

installment contract, thereby misleading her to accept a high-interest financing plan for her purchase of what she alleges was defective furniture. (SAC ¶ 20-21). Plaintiff's claims against Greenburg arose from alleged misconduct by Greenburg in bringing a collection lawsuit to collect the debt owed to Capitol Discount as the assignee of the retail installment contract. (SAC ¶ 14-17). Although both claims are related to the retail installment contract, Plaintiff's claims against Maylah Furniture relate to the formation of the contract, while Plaintiff's claims against Greenburg relate to enforcement of the contract. Arguably, the claims lack a "common nucleus of operative fact." 659 F.3d at 245.

However, if Your Honor finds that the Court did have supplemental jurisdiction over the claims against Maylah Furniture prior to the dismissal of Greenburg as a defendant in this action, then I respectfully recommend retaining jurisdiction for the purposes of this motion. Subsection 1367(c) permits a court to decline to exercise supplemental jurisdiction over a claim if, *inter alia*, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). However, "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in [*Gibbs*]: economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004). Here, the case has been litigated in federal court for three years and could be completely resolved by the pending motion, and the statute of limitations has run on the Plaintiff's state law claims. *See Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 210 (2001) (holding that the three-year period of limitations for statutory causes of action under CPLR 214(2) applies to General Business Law § 349 claims). Thus, declining jurisdiction and requiring the Plaintiff to institute a new action in state court to recover on her claims against Maylah Furniture would not promote judicial economy, convenience or fairness to the parties. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998). Thus, my recommendation below to grant Plaintiff's motion for default judgment is conditioned on the Court's continued exercise of supplemental jurisdiction over these claims.

## II. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure calls for a two-step process for obtaining a default judgment. *See Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the plaintiff must request entry of default by the Clerk of the Court. *Id.* (citing Fed. R. Civ. P. 55(a)). Once default has been entered against the non-responsive parties, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Once the plaintiff meets these requirements, the court must accept plaintiff's factual allegations as true and must draw all reasonable inferences in plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The court must determine whether these facts establish the defendant's liability as a matter of law. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). The court "need not credit the plaintiff's legal conclusions." *Priestly*, 647 F.3d at 504.

### A. Liability

#### i. *Maylah Furniture Violated NYGBL § 349*

Plaintiff adequately alleges that Maylah Furniture violated NYGBL § 349 by using deceptive acts and practices in the course of its business. NYGBL § 349 states

3

that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby unlawful." N.Y. Gen. Bus. Law § 349(a) (McKinney's 2014). To state a claim under Section 349, "a plaintiff must demonstrate that (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Schwartzco Enters. Ltd. Liab. Co. v. TMH Mgmt., Ltd. Liab. Co.*, 60 F. Supp. 3d 331, 358-59 (E.D.N.Y. 2014) (quoting *Wurtz v. Rawlings Co., LLC,* No. 12–CV–01182 (JFB) (AKT), 2014 WL 4961422, at *7 (E.D.N.Y. Oct. 3, 2014)).

To satisfy the first element, "a plaintiff must plead and prove injury to the public generally, rather than to himself alone." *Schwartzco Enterprises*, 60 F. Supp. 3d at 359. A private contract dispute is not subject to NYGBL § 349; rather, the gravamen of the complaint must be consumer injury or harm to the public interest. *Id.; see also, Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, N.A., 85 N.Y.2d 20 (1995) (holding that Plaintiff need not show that the defendant committed the complained-of acts repeatedly but instead must demonstrate that the acts or practices have a broader impact on consumers at large). This requirement is construed liberally and "may be satisfied by showing that the conduct at issue potentially affects similarly situated consumers." *Scott*, 2017 WL 1214441, at *16 (quoting *Sykes v. Mel. S. Harris and Assocs. LLC*, 780 F.3d 70, 84 (2d Cir. 2015)).

Here, Plaintiff sufficiently alleges that Maylah Furniture's conduct is consumer-oriented and has a broad impact on the New York consuming public. (SAC ¶ 131). Plaintiff claims that Maylah Furniture's use of form installment contracts, such as the one used here, is "integral to its business" and that Mylah has engaged in similar conduct with "a substantial number of other New York consumers." (SAC ¶ 92-95). Additionally, Plaintiff alleges that consumers have filed complaints with the New York City Department of Consumer Affairs ("DCA") alleging that Maylah Furniture misrepresents the actual costs of financed merchandise and "routinely lies about the quality and nature of the products it sells." (SAC ¶ 97-98). Thus, taking the facts in the SAC as true, the SAC contains adequate factual allegations that Maylah Furniture's conduct is consumer-oriented. *See Casper Sleep, Inc. v. Mitcham*, 204 F. Supp. 3d 632, 644 (S.D.N.Y. 2016); *Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 916 F. Supp. 2d 357, 368 (W.D.N.Y. 2013); *People by Koppell v. Empyre Inground Pools Inc.,* 227 A.D.2d 731, 733 (3d Dep't 1996).

Regarding the second and third elements, "a plaintiff seeking compensatory damages must show that the defendant engaged in a material deceptive act or practice that caused actual, although not necessarily pecuniary, harm." *Oswego*, 85 N.Y. 2d at 26 (citing *Varela v Investors Ins. Holding Corp.*, 81 N.Y. 2d 958, 961 (1993)). The plaintiff must only show that the defendants conduct was deceptive or misleading; an intent to mislead is not required. *People v. Wilco Energy Corp.*, 284 A.D.2d 469, 471 (2d Dep't 2001); *Walker v. Winks Furniture*, 168 Misc. 2d 265, 270 (Yonkers City Ct. 1996) ("There is no requirement under GBL 349 that plaintiff prove that defendant's practices or acts were intentional, fraudulent or even reckless."). However, if defendants have engaged in intentional or willful conduct, courts may award punitive damages up to $1000. N.Y. Gen. Bus. Law § 349(h).

Plaintiff claims that Maylah Furniture willfully and knowingly induced Plaintiff to sign a blank retail installment contract by

4

misrepresenting to Plaintiff that it was not a contract but an finance application. (SAC ¶¶ 14-17, 133(a)). Maylah Furniture also falsely represented to Plaintiff the legal nature of the documents she signed. (SAC ¶¶ 17, 133(b)). Plaintiff claims that as a result of these misrepresentations, she was "duped into signing a contract that required her to make unaffordable payments for defective furniture." (Dkt. No. 70 ("Pl.'s Mot.") at 9-10). This caused Plaintiff to suffer "extreme anxiety, stress, and emotional distress" as well as embarrassment. (SAC ¶ 67-68). Additionally, Plaintiff has paid a total $3,680 in connection with this transaction. (Pl.'s Mot. at 13). Plaintiff has alleged sufficient facts that Maylah Furniture engaged in a consumer-oriented practice that was materially misleading and was the direct or proximate cause of the Plaintiff's injuries. Therefore, I respectfully recommend that Maylah Furniture be held liable for violating NYGBL § 349.

### ii. Maylah Furniture Violated NYPPL § 402

Plaintiff alleges that Maylah Furniture violated NYPPL § 402 by causing Plaintiff to sign a blank retail-installment contract for terms to be filled in after it was signed. (SAC ¶¶ 14-17, 135). NYPPL § 402 is part of the New York Retail Installment Sales Act ("NYRISA"), which governs retail installment contracts, obligations and credit agreements between retail buyers and retail sellers. *VFS Fin., Inc. v. Falcon Fifty LLC*, 17 F. Supp. 3d 372, 380 (S.D.N.Y. 2014). The statute was designed "to outlaw the use of an obfuscating series of documents to evidence a single purchase retail instalment transaction." *State by Lefkowitz v. ITM, Inc.*, 52 Misc. 2d 39, 56 (Sup. Ct. 1966). NYPPL § 402, in relevant parts, says:

> No contract or obligation shall be signed by the buyer when it contains blank spaces to be filled in after it has been signed; however, if delivery of the good is not made at the time of the execution of the contract or obligation and it so provides, the identifying number or marks of the goods and the due date of the first installment may be left blank and the later inserted by the seller in the seller's counterpart of the contract or obligation after it has been signed by the buyer.

(N.Y. Pers. Prop. Law § 402(4) (McKinney's 2011)). While Section 402(4) allows the seller to leave some portions of the retail installment contract blank where, as here, delivery of the goods is not made at the time the contract is executed, those blanks are limited to the identifying numbers on the goods and due date of the first installment. *Id*. A violation of section 402(4) occurs when, upon the execution of the contract, the defendant fails to disclose material terms such as "the method for calculating the finance charge and the sum of all periodic payments." *Scott v. Greenberg*, No. 15-CV-05527 (MKB) (RER), 2017 WL 1214441, at *20 (E.D.N.Y. Mar. 31, 2017) (citing *Kristiansen v. John Mullins & Sons, Inc.*, 59 F.R.D. 99, 107 (E.D.N.Y. 1973)).

According to the facts in the SAC, Maylah Furniture, through its salesman, caused Plaintiff to sign a retail installment contract that contained blank spaces that were filled in after she signed the contract. (SAC ¶¶ 15, 21). The blank portions of the retail-installment contract included the amount financed, the finance charge, the total amount of payments, the total sales price, the annual percentage rate, and the number and amounts of payments. (SAC ¶ 16). These are material terms that cannot be left blank under Section 402(4). *See also*, N.Y. Pers. Prop. Law § 402(3)(b)(1) (McKinney's 2011) (requiring disclosures in retail installment contracts to comply with the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*). Thus,

5

the SAC sufficiently alleges that Maylah Furniture violated NYPPL § 402.

### B. Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). As a result, the party seeking the default must prove that "the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Id.* at 159. Here, Plaintiff has provided sufficient evidence to the court to determine the proper compulsory relief.

#### i. NYGBL § 349

NYGBL § 349 allows a person who has been injured by a deceptive act or business practice that violates the law to "bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." (N.Y. Gen. Bus. Law § 349(h) (McKinneys 2014)). The court has discretion to "increase the award of damages to any amount not exceeding three times the actual damages up to one thousand dollars if the court finds the defendant willfully or knowingly violated this section." *Id.*; *see also, Hart v. Moore*, 155 Misc. 2d 203, 207 (Sup. Ct. 1992) (holding that a plaintiff is entitled to recover actual damages under §349 in any amount, but punitive damages may only be awarded where the total award does not exceed $1,000). The court may also award reasonable attorney's fees to a prevailing plaintiff. N.Y. Gen. Bus. Law § 349(h).

Plaintiff seeks to recover her actual damages of $3,680 plus statutory damages of $50 under § 349(h). (Pl.'s Mot. at 14). However, in regards to monetary damages, the statute differentiates between actual damages and statutory damages and clearly awards "whichever is greater." N.Y. Gen. Bus. Law § 349(h). Thus, Plaintiff is only entitled to her actual damages of $3,680. As this amount exceeds $1000, Plaintiff is not entitled to an award of punitive damages. *Hart*, 155 Misc. 2d at 207. Plaintiff is entitled to recover her reasonable attorney's fees.

Plaintiff seeks to recover attorneys' fees in the amount $6,768, which represents 22.56 hours of work at a billing rate of $300 per hour. (Pl.'s Mot. at 22). After reviewing the contemporaneous records, I have determined the hours worked and the hourly rate requested are reasonable. *See Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22–23 (2d Cir. 2015); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Therefore, I respectfully recommend an award of attorneys' fees in the amount $6,768.

Plaintiff also seeks to recover the cost of the $400 filing fee. While NYGBL § 349 does not include a provision of costs, the Federal Rules of Civil Procedure do allow certain costs to be recovered by a prevailing party. Fed. R. Civ. P. 54(d)(1); *see also*, Local Civil Rules of the Southern and Eastern Districts of New York 54.1. Because Maylah Furniture has defaulted and, thus, has conceded liability, the plaintiff is the prevailing party. *See Garcia v. Hebert*, 622 F. App'x 21, 22 (2d Cir. 2015) ("A prevailing party is one who has favorably effected a material alteration of the legal relationship of the parties' by court order.") (internal quotations omitted). Therefore, Plaintiff can recover the $400 filing fee in this action under Rule 54(d).

#### ii. NYPPL § 402

6

Plaintiff claims she is entitled to collect damages for Maylah Furniture's breach of Section 402 and requests damages totaling $3,852.13, which includes the $1,290.48 credit service charge under the retail installment agreement plus $2,561.65, the amount of the delinquency stated in the Collection Lawsuit. (Pl.'s Mot. at 16). NYPPL § 414 outlines the remedies available for violations of NYRISA. Under Section 414(2), if a seller fails to comply with the provisions of [NYRISA], "the buyer shall have the right to recover from such person an amount equal to the credit service charge or service charge imposed and the amount of any delinquency, collection, extension, deferral or refinance charge imposed." N.Y. Pers. Prop. Law § 414(2) (McKinney 1961); *see Ben Const. Corp. v. Snushall*, 44 Misc. 2d 878, 881 (Sup. Ct. 1964), *aff'd*, 24 A.D.2d 842, (4th Dept 1965) ("The right to recover such *charges* implies the right to not pay them in the first instance.") (emphasis added). Here, Plaintiff can recover the credit service charge of $1,290.48. (Dkt. No. 70-3 ("Retail Agreement")). However, the delinquency amount from the collection lawsuit is not a recoverable "charge" because the lawsuit was eventually dismissed, thus eliminating the obligation to pay. (SAC ¶ 66). Furthermore, Plaintiff can recover her full damages under NYGBL § 349, essentially giving her a full refund of the money she paid as a result of the collection lawsuit. Therefore, under Section 414(2), Plaintiff is only entitled to recover the credit finance charge of $1,290.48.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that, should Your Honor retain supplemental jurisdiction over these claims, then Plaintiff's Motion for Default Judgment against Maylah Furniture be granted. I further recommend that Plaintiff be awarded a judgment in the amount of $12,138.48, which represents $4,970.48 in statutory damages for violations of the NYGBL §349 and NYPPL § 402, $6,768 in attorneys' fees, and $400 in costs, plus post-judgment interest.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections with the Clerk of the Court. Failure to file a timely objection to this Report generally waives any further judicial review. *Marcella v. Capital Dist. Physician's Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989*); see Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

SO ORDERED.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: August 16, 2018
      Brooklyn, NY

7